# UNITED STATES DISTRICT COURT
# CLARK COUNTY, NEVADA

STEVEN JOHNSON,  CASE NO: 2:18-cv-01381-RFB-PAL

    Plaintiff,

v.

HOOTERS, INC., HOOTERS CASINO
HOTEL, HOOTERS OF AMERICA, LLC.,
NAVEGANTE GROUP, INC., TRINITY
HOTEL INVESTORS, LLC, and DOES 1 to 50.

    Defendant(s)

_____/

## PLAINTIFF'S MOTION TO ENLARGE TIME
## TO SERVE DEFENDANTS

NOW COMES plaintiff, STEVEN JOHNSON, by and through his undersigned counsel and pursuant to Rules 6(b) and 27(a)(1) of the Federal Rules of Civil Procedure, and moves this Court for an extension of time, up to and including the 27th day of December, 2018, to serve Defendants Hooters, Inc. ("Hooters"), Hooters Casino Hotel ("Hooters Casino"), Hooters of America, LLC ("HOA"), Navegante Group, Inc ("Navegante"), and Trinity Hotel Investors, LLC ("Trinity").  DOES 1 to 50 ("DOES") will be served after the discovery of their true identities in accordance with Federal Rule of Civil Procedure 4(m).  All Defendants collectively shall be referred to as the "Defendants".  In support of this motion, Plaintiff shows unto the Court the following:

  1.  On or around July 26, 2018, the Plaintiff initiated the above-captioned action against the Defendants when he filed his Complaint in this Court commencing this action.

  2.  From the outset of this action's commencement, it had been the goal of Plaintiff to avoid

long and protracted litigation, but Plaintiff was required to file the Complaint to preserve his claims against the statute of limitations, therefore Plaintiff hoped that he could resolve this matter with the Defendants before it was necessary to serve the Defendants with a copy of the Complaint and Summons.

3. Based on Plaintiff's counsel's experience, the prospects of resolving any matter are always greater before service has been effected on a defendant.

4. Plaintiff therefore attempted to contact the Defendants prior to effecting service on them in order to see if any amicable solution could be reached to resolve the aforementioned matter.

5. Plaintiff's counsel, who was instructed to take a cost-efficient approach to resolve the matter, hoped that he could establish active settlement discussions with the Defendants before the additional costs and expenses associated with service of process became due and necessary.

6. Plaintiff's counsel, who has been a "solo practitioner" his entire career, finally added a young legal assistant with a paralegal degree to his team (the "Assistant") in early August 2018.

7. One of the Assistant's first task was to create the firm's 'master calendar,' which was a calendar listing all of the deadlines associated with each of the firm's numerous cases.

8. The deadline listed for effecting service on the Defendants in this matter was November 26, 2018.[1]

9. As Plaintiff's prospects of resolving this matter without litigation began dwindling, Plaintiff's counsel looked to the calendar for the service date and noted that the deadline to serve the Defendants was November 26, 2018.

10. Plaintiff's counsel instructed the Assistant to contact process servers in the various states

---

[1] Black Friday was deemed a holiday by the Assistant, but on information and belief even this "deadline" was incorrectly applied, and the "correct" deadline should have been Friday, November 23, 2018.

where the Defendants were residents in order to ascertain the best quotes for service of process in an effort to minimize the expenses of the Plaintiff.

11. Plaintiff had a list compiled of the respective process servers Plaintiff intended to use in the following cities: Tampa, Florida; New York, New York; Atlanta, Georgia; and Las Vegas, Nevada. These are the locations/residences of each of the named Defendants. *See* Exhibit "**A**".

12. Based on the master calendar, Plaintiff's counsel was under the impression that Plaintiff had at least a month to effect service and did not worry about the locating the Defendants as they are each corporate entities whose addresses were known.

13. On October 31, 2018, much to shock and surprise of both the Assistant and Plaintiff's counsel, the Plaintiff was served with notice of this Court's Order [DE 6], which indicated that no proof of service had been filed.

14. Plaintiff's counsel was well aware of the fact that nothing had been filed, but was shocked to find that the time period to serve the Defendants had actually expired on or around October 25, 2018 as opposed to November 26, 2018.

15. Plaintiff's counsel immediately sought out answers as to how the incorrect deadline was applied and instantly reviewed the entire master calendar to see if any other deadlines had been missed, or were incorrect. Plaintiff's counsel checked not only this case, but his entire case portfolio.

16. Upon questioning the Assistant, it was determined that she "*knew*" the time for service under the Federal Rules of Civil Procedure was "120 days" based on the Federal Rules of Civil Procedure [Rule 4(m)].

17. Plaintiff's counsel explained to the Assistant that the Federal Rules of Civil Procedure change annually, and updates and amendments are constantly being proposed and published.

18. The Assistant was then informed the rule pertaining to service of the summons and complaint had actually changed around January 1, 2015, and the time was *shortened* from 120 days to 90 days.

19. Per this Court's order, Plaintiff has until November 30, 2018 to demonstrate that service had taken place prior to October 25, 2018 (90-days after the date of service), or that such good cause exist to extend the time for filing.

20. Plaintiff cannot fulfill the first prong as service was *not* performed prior to October 25, 2018.

21. Plaintiff does however believe good cause exists for this Court to reasonably extend the time Plaintiff has to effect service on the Defendants.

22. Plaintiff has identified the process serving companies in each of the four cities where the

23. Defendants reside and is ready to go forward with effecting service should this motion be granted. *See* Exhibit "**A**".

24. As previously stated, each Defendant is a corporate entity, therefore the challenges often associated with serving defendants do not and will not apply.

25. Plaintiff has identified the agent and address of each of the Defendants to be served. *See* Exhibit "**A**".

26. Plaintiff could have attempted to effect service after receiving this Court's order, however Plaintiff's counsel knew that such service would be of no effect without the explicit permission of this Court.

27. Plaintiff makes this motion in good-faith, and this motion is not for the purposes of needless and undue delay.

28. Furthermore, there is no prejudice to any of the Defendants should this Court grant this

Motion.

29. Plaintiff, on the other hand, will be severely prejudiced if this motion is denied and his case is dismissed. The failure to serve the Defendants was no fault of the Plaintiff's; it was due to a reasonable administrative error

**WHEREFORE**, Plaintiff moves the Court for a brief extension of time, up to and including, the ~~27th day of December 2018~~ **17th day of January, 2019**, in which to serve all named Defendants in the above-captioned matter with a copy of the Summons and the Complaint so that this matter may be heard in its due course and decided upon on its merits. Plaintiff expects that such a time period to be more than sufficient.

This 29th Day of November 2018.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on the CM/ECF filing system on this 29th day of November 2018

Dated: November 29, 2018      s/Andrew Williams

**THE WILLIAMS LAW GROUP**
Andrew Williams
*Attorney for Plaintiff*
6273 Sunset Dr, Suite D-3
South Miami, Florida 33143
Telephone: (253) 970-1683
FL Bar No. 0111817
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED this 9th day of January, 2019.

# EXHIBIT "A"

| City | Process Server | Costs | Time to Serve | Agent to be Served |
|---|---|---|---|---|
| Tampa | S&W Process Services, LLC | $60.00 | W/in 48 hours | Neil Kiefer<br>107 Hampton Road,<br>Suite 200<br>Clearwater, FL 33759 |
| Atlanta | Express Legal Services, LLC | $70.00 | W/in 3-5 days | Claudia Levitas<br>1815 The Exchange SE Atlanta, GA 30339 |
| Delaware | DM Professional Services | $65.00 | W/in 3 days | The Trust Corporation Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 |
| Vegas | June's Legal | $68.00 | W/in 3-5 days | Shannon M. Miller<br>313 Pilot Road<br>Suite A<br>Las Vegas, NV 89119 |
| Vegas | June's Legal | $68.00 | W/in 3-5 days | L and R Service Company of Nevada<br>3993 Howard Hughes Pkwy<br>Suite 600<br>Las Vegas, NV 89169 |