UNITED STATES DISTRICT COURT
CLARK COUNTY, NEVADA

STEVEN JOHNSON,  CASE NO: 2:18-cv-01381-RFB-PAL

    Plaintiff,

v.

HOOTERS, INC., HOOTERS CASINO
HOTEL, HOOTERS OF AMERICA, LLC.,
NAVEGANTE GROUP, INC., TRINITY
HOTEL INVESTORS, LLC, and DOES 1 to 50.

    Defendant(s)
_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

NOW COMES plaintiff, STEVEN JOHNSON, by and through his undersigned counsel and pursuant to Rules 6(b) and 27(a)(1) of the Federal Rules of Civil Procedure, and moves this Court for an extension of time, up to and including the 1st day of February, 2019, to file ***proofs of service*** on Defendants Hooters, Inc ("Hooters") and Hooters of America, LLC ("HOA"), and to serve Hooters Casino Hotel ("Hooters Casino") and Navegante Group, Inc ("Navegante"). DOES 1 to 50 ("DOES") will be served after the discovery of their true identities in accordance with Federal Rule of Civil Procedure 4(m). All Defendants collectively shall be referred to as the "Defendants". In support of this motion, Plaintiff shows unto the Court the following:

1. On or around July 26, 2018, the Plaintiff initiated the above-captioned action against the Defendants when he filed his Complaint in this Court commencing this action.

2. After failing to resolve this matter in lieu of litigation and due to an administrative error, Plaintiff filed a Motion for Extension of Time to Serve Defendants, which was effectively a motion to serve defendants outside of time. *See* [DE 7].

3. This was Plaintiff's first request for any extension of time to serve the Defendants.

4. On January 9, 2019, this Court entered an Order granting Plaintiff's motion and providing Plaintiff with until January 17, 2019 to serve the summons and complaint on all named Defendants. *See* [DE 8].

5. Plaintiff had already identified the process servers and agents of service for each of the Defendants, each of whom are corporate entities. *See* [DE 7-1].

6. The same day Plaintiff received this Court's order [DE 8], the undersigned contacted each of the process servers identified in [DE 7-1] to make arrangements to serve the summons and complaint on the Defendants.

7. Defendant, Trinity Hotel Investors, LLC was served on January 11, 2019. *See* [DE 15].

8. Defendant, HOA was served on January 16, 2019; however, the process server has yet to provide Plaintiff with proof of service. *See* Declaration of Plaintiff's counsel, Andrew Williams, Esq., attached hereto as Exhibit "**A**".

9. Plaintiff expects to receive the proof of service pertaining to HOA on January 18, 2019, according to phone and email correspondence with process server, and Plaintiff will file such as soon as it is in Plaintiff's possession. *See* Exhibit "**A**".

10. Defendant, Hooters was served on January 15, 2019, at or around 12:50 pm PST; however, Plaintiff has yet to receive the formal proof of service from the process server. Exhibit "**A**".

11. Based upon telephone communications with the process server Plaintiff expects to receive the formal proof of service on Hooters by January 18, 2019, and will file such as soon as it is in Plaintiff's possession. Exhibit "**A**".

12. On January 17, 2019 around 9:30 am PST, counsel for the Plaintiff called June's Legal

Service, Inc. ("June's Legal"), the Nevada based process serving company who had been retained by Plaintiff to serve Defendants, Navegante and Hooters Casino. Exhibit "**A**".

13. During this call it was discovered there was a miscommunication between the undersigned and the telephone receptionist pertaining to payment and the service process. The undersigned believed payment was required upon receipt of an invoice for the completed service (as each of the other process servers had required); however, June's Legal required payment upfront. Exhibit "**A**".

14. The undersigned asked if he were to make payment immediately would service be effected on the two Nevada based defendants that day, and was informed by Zinnia Corona of June's Legal that service would still be able to be effected on January 17, 2019. Counsel was informed that service had not yet been attempted because June's Legal was awaiting payment. Exhibit "**A**".

15. Counsel for the Plaintiff paid the process serving fee and was informed that attempts would be made on corporate Defendants, Navegante and Hooters Casino later that day. Exhibit "**A**".

16. Around 3:35 pm PST, the undersigned received a call from a Nevada telephone number, informing him that the address listed for Navegante was currently closed, but another attempt would be made the following day, January 18, 2019. Exhibit "**A**".

17. Counsel inquired into the status of the service on Hooters Casino, but was informed that a different process server had been tasked with that serve. Exhibit "**A**".

18. Plaintiff has diligently attempted to comply with this Court's January 9, 2019 order and has served three out of the five named Defendants, albeit only one proof of service is in the possession of the Plaintiff and has been filed to date.

19. Plaintiff also initiated the process of service with June's Legal, the process serving company previously identified by Plaintiff as the company who would effect service on the two (2) Nevada based defendants immediately after receiving this Court's order [DE 8].

20. Plaintiff has substantially complied with this Court's order and/or made good-faith efforts to adhere to the orders of this Court, yet despite these efforts Plaintiff still needs additional time to effect service on the two Nevada based defendants, Navegante and Hooters Casino.

21. Plaintiff has a good-faith reason to belief that such service shall be fully effected within the next two (2) weeks, as the addresses Plaintiff has relied upon as the agent names and addresses were found on the Nevada Secretary of State's website. Exhibit "**A**".

22. Plaintiff makes this motion in good-faith, and this motion is not for the purposes of needless and undue delay.

23. Furthermore, there is no prejudice to any of the Defendants should this Court grant this Motion.

24. Plaintiff, on the other hand, will be severely prejudiced if this motion is denied.

**WHEREFORE**, Plaintiff moves the Court for a brief extension of time, up to and including, the 1st day of February 2019, in which to file proofs of service on Hooters and HOA, and to serve Navegante and Hooters Casino with a copy of the Summons and the Complaint so that this matter may be heard in its due course and decided upon on its merits.

This 17th Day of January 2019.

**IT IS SO ORDERED** this 23rd day of January, 2019.

_____
Peggy A. Leen
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served on the CM/ECF filing system on this 17th day of January 2019.

Dated: January 17, 2019                    s/Andrew Williams

**THE WILLIAMS LAW GROUP**
Andrew Williams
*Attorney for Plaintiff*
6273 Sunset Dr, Suite D-3
South Miami, Florida  33143
Telephone:  (253) 970-1683
FL Bar No. 0111817
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
CLARK COUNTY, NEVADA

STEVEN JOHNSON,                                         CASE NO: 2:18-cv-01381-RFB-PAL

     Plaintiff,

v.

HOOTERS, INC., HOOTERS CASINO
HOTEL, HOOTERS OF AMERICA, LLC.,
NAVEGANTE GROUP, INC., TRINITY
HOTEL INVESTORS, LLC, and DOES 1 to 50.

     Defendant(s)
_____/

**<u>DECLARATION UNDER PENALTY OF PERJURY OF ANDREW WILLIAMS, ESQ
IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO SERVE DEFENDANTS</u>**

STATE OF FLORIDA            )
                                        )
COUNTY OF MIAMI-DADE   )

     I, ANDREW WILLIAMS, the undersigned affiant, state the following under oath:

1. I am over the age of eighteen (18) and I am capable of making this declaration.

2. I am a resident of the State of Florida.

3. I am fully familiar with the facts sets forth herein, and if called upon as a witness, could testify competently thereto.

4. I am the attorney of record for Steven Johnson in cause number 2:18-cv-01381-RFB-PAL in the United States District Court for the District of Nevada.

5. I received a copy of this Court's order [DE 8] on January 9, 2019.

6. Immediately after reviewing the order, I personally contacted each of the process servers

identified for effecting service in Plaintiff's Motion for Extension of Time to Serve Defendants [DE 7-1].

7. On January 17, 2019, I called each of the process servers entrusted with effecting service to follow up on the status of the serves as I had only received one proof of service to date, which was for Trinity Hotel Investors, LLC.

8. I spoke with an individual at S&W Process Service in Tampa, Florida concerning the service of Hooters, Inc., and was informed that it was served on January 15, 2019 at around 3:50 pm EST.

9. I inquired into when I would receive a proof of service and was told to expect it by the morning of January 18, 2019.

10. I spoke with Rod McClellan of Express Legal Services in Atlanta, Georgia, concerning the service of Hooters of America, LLC and was informed it had been served on January 16, 2019.

11. I inquired into when I would receive a proof of service and was told to expect it by the morning of January 18, 2019.

12. Upon receipt of the proofs of service for both Defendants, who were timely served in accordance with [DE 8] I shall file the corresponding proofs of service with this Court.

13. On January 17, 2019, I called June's Legal Service, Inc, a Nevada based process serving company regarding the service of Navegante Group, Inc., and Hooters Casino Hotel.

14. During this call I was informed by Zinnia Corona, that no attempt had been made because they were awaiting payment.

15. It was my impression my payment was due after receiving an invoice as each of the other process servers involved in this case (and my others) provide an invoice after effecting service.

16. I asked Ms. Corona if I were to pay then and there while we were on the phone if service could still be effected on January 17, 2019. She indicated it would be as the defendants were both corporate defendants and I paid the requisite fees.

17. Around 6:35 pm EST, I received a call from a Las Vegas telephone number (702), and was informed by the process server that the address listed for Navegante Group, Inc. was currently closed, but another attempt would be made the following day.

18. I inquired into the status of Hooters Casino Hotel, but was told that another process server was given that assignment.

19. The addresses for both Nevada defendants, Navegante Group, Inc., and Hooters Casino Hotel came from either the Nevada Secretary of State's website or the Nevada Department of Licensing and therefore the expectation is that such addresses are accurate.

20. Good-faith efforts were made to diligently serve the named Defendants immediately after this Court issued its order, however unfortunately two defendants have yet to be served at this time.

Under penalty of perjury, I declare that I have read the foregoing Declaration and that the facts stated in it are true and correct to the best of my knowledge and that this declaration was executed this 17th day of January 2019 in Miami-Dade County, Florida.

s/Andrew Williams
Andrew Williams, Esq.
Florida Bar # 0111817
California Bar # 310526