# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STEVEN JOHNSON,

    Plaintiff,

v.

HOOTERS, INC., *et al.*,

    Defendants.

Case No. 2:18-cv-01381-RFB-BNW

**ORDER**

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss (ECF No. 24) and Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Supplemental Brief (ECF No. 52). For the reasons below, the Court denies both motions.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on July 26, 2018. ECF No. 1.

Defendants HILV Fee LLC and NAV-115 E. Tropicana, LLC filed the instant Motion to Dismiss on February 1, 2019. ECF No. 24. Former Defendant Hooters, Inc. filed a Motion to Dismiss on February 5, 2019. ECF No. 26. Plaintiff responded on March 1, 2019 and March 5, 2019. ECF No. 33, 34. Defendants replied on March 11, 2019 and March 12, 2019. ECF Nos. 36, 37.

The Court entered a discovery order on March 28, 2019. ECF No. 38. The Court granted a stipulation to stay discovery on April 23, 2019. ECF No. 41.

1         The Court held a hearing on June 14, 2019. ECF No. 45. The Court granted Hooters, Inc.'s Motion to Dismiss and dismissed Hooters, Inc. from the action due to an undisputed lack of personal jurisdiction. The Court permitted supplemental briefing as to HILV Fee LLC's and NAV-115 E. Tropicana, LLC's Motion to Dismiss on the issue of equitable tolling. The Court continued the discovery stay in this case pending its instant ruling.

        Plaintiff submitted his supplemental brief on July 8, 2019. ECF Nos. 46, 48. Defendants responded on July 26, 2019. ECF Nos. 49, 51. Plaintiff filed the instant Motion to Strike Defendants' Response to Plaintiff's Supplemental Brief. ECF No. 52.

### III. DISCUSSION

        Plaintiff's Complaint alleges three causes of action arising from an incident alleged to have occurred on July 25, 2016. Plaintiff's first cause of action, negligence, carries a two-year statute of limitations pursuant to Nevada Revised Statute ("NRS") 11.190(4)(e). Plaintiff's second and third causes of action, battery and assault, each also carry a two-year statute of limitations pursuant to NRS 11.190(4)(c). Therefore, the statute of limitations expired on Plaintiff's claims on July 25, 2018. Plaintiff filed the instant Complaint on July 26, 2018 – one day late.

        Plaintiff argues that the statute of limitations in fact expired on July 26, 2018 under Nevada law and that Plaintiff's Complaint was therefore timely due to the leap year in 2016. Nevada courts have expressly accounted for the extra day in a leap year when applicable. Bellon v. State, 381 P.3d 594, *1 n.1 (2012). However, the extra day provided in the 2016 leap year occurred on February 29, 2016 – five months prior to the July 25, 2016 incident. Therefore, the two-year limitations period ran for two 365-day periods and did not include the extra day.

        However, upon review of the supplemental briefing, the Court finds that equitable tolling applies to excuse the one-day delay. The Court applies Nevada law governing equitable tolling. See Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999). When considering equitable tolling, Nevada courts evaluate whether there was excusable delay by the Plaintiff. City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd., 261 P.3d 1071, 1077 (Nev. 2011). Plaintiff in this case experienced hospitalization and multiple surgeries over the past two years as an alleged

1  result of the incident. The Court finds that these medical complications constitute excusable delay
2  and therefore equitably tolled the statute of limitations. The Court also finds that Defendants are
3  not prejudiced by Plaintiff's negligible delay in bringing suit, as Plaintiff missed the two-year
4  deadline by a single day.

Defendants argue that equitable tolling does not apply to the statutes of limitations for negligence, battery, and assault under Nevada law, citing Seino v. Employers Ins. Co. of Nevada, 111 P.3d 1107, 1112 (Nev. 2005). But the Nevada Supreme Court in Seino held only that equitable tolling does not apply "to statutory periods that are mandatory and jurisdictional." Id. The statutes of limitations set by NRS 11.190 are not jurisdictional, and the Nevada Supreme Court has conducted equitable tolling analyses for limitations pursuant to this code section. See Charles v. City of Henderson, No. 67125, 2016 WL 2757394, at *1 (Nev. May 10, 2016) (unpublished).

Defendants alternatively request that the Court dismiss Plaintiff's Complaint for failure to comply with minor formatting provisions in the local rules. Given the out-of-state status of Plaintiff's counsel and the Court's possession of discretion as to whether or not to strike documents that do not conform to local rules, the Court declines to strike the Complaint on these bases. See Local Rule IA 10-1(d).

The Court similarly denies Plaintiff's request to strike Defendants' response because it exceeds the five-page limitation set by this Court at the June 14, 2019 hearing. The Court may exercise its discretion in granting or denying a motion to strike. Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224 n.4 (9th Cir. 2005). The Court finds that even considering the additional pages of Defendants' response, equitable tolling is in the interests of justice in this case.

**IV.  CONCLUSION**

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 24) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Supplemental Brief (ECF No. 52) is DENIED.

///

**IT IS FURTHER ORDERED** that the discovery stay is lifted. The parties are instructed to submit a joint proposed scheduling order by September 30, 2019.

DATED: September 6, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**