```
Andrew Williams, Esq.
CA bar #: 310526 – pro hac vice admit
```
**The Williams Law Group**
```
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone:    (253) 970-1683
Email:        Andrew@TheWilliamsLG.com

David Lee Phillips, Esq.
NV bar #: 538 – local counsel
700 S. 4th Street
Las Vegas, NV 89101
Telephone:    (702) 595-9097
Email:        DavidLeePhillips@aol.com
```

*Attorneys for Plaintiff, Steven Johnson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN JOHNSON<br><br>             Plaintiff,<br><br>v.<br><br>HOOTERS, INC.; HOOTERS CASINO HOTEL; HOOTERS OF AMERICA, LLC; NAVEGANTE GROUP, INC.; TRINITY HOTEL INVESTORS, LLC, and DOES 1 to 50<br><br>             Defendant. | Case No. 2:18-cv-01381-RFB-BNW<br><br>**UNOPPOSED MOTION TO IDENTIFY/NAME DOE DEFENDANTS 1 THROUGH 8 OUT OF DOES 1 TO 50** |

COMES NOW, Plaintiff, Steven Johnson ("Plaintiff"), by and through the undersigned counsel and hereby submits this Unopposed Motion to Identify/Name Doe Defendants 1 through 8 out of Does 1 to 50 pursuant to Rule 7(b) of the Federal Rules of Civil Procedure. This motion is based on the Plaintiff's discovery of the identity and/or partial identity of eight (8) of the currently named DOE Defendants and the Plaintiff's

1

indication in the Complaint that he would "ask leave of this Court to amend this complaint to show [the Doe] Defendants' names and capacities when the same have been ascertained." *See* Complaint, ¶ 8 [DE 1]. This motion shall be further supported by the Memorandum of Points and Authorities below, the record, and on such evidence and oral argument as may be presented at the hearing on the motion.

Dated this 4th day of May 2020.

Respectfully submitted,        THE WILLIAMS LAW GROUP


                                BY: ___*Andrew Williams*___
                                    Andrew Williams, Esq.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF FACTS**

On July 26, 2018, Plaintiff filed his Complaint in the above-captioned action based upon claims for negligence, assault and battery. Due to the nature of his injuries (beaten unconscious, fractured jaw in multiple places) and the time in which the injuries occurred (early morning hours while Plaintiff was asleep), the Plaintiff was unable to identify the true identities of his assailants. This in turn led to the Plaintiff filing a complaint, which listed defendants Does 1 to 50, as unknown parties whom the Plaintiff was informed and believed, "and thereupon allege[d], that each of the Defendants designated herein as a DOE [was] negligently, wantonly, recklessly, tortuously and unlawfully

2

responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously and unlawfully, proximately caused injuries and damages thereby to Plaintiff." *See* Complaint ¶ 8 [DE 1].

On April 15, 2020, the Plaintiff was deposed by Defendants HILV Fee, LLC and NAV-115 E. Tropicana, LLC, (collectively, the "Hooters Defendants"), who are erroneously named HOOTERS CASINO HOTEL, HOOTERS OF AMERICA, LLC, NAVEGANTE GROUP, INC., and TRINITY HOTEL INVESTORS, LLC in the complaint.[1]  Shortly before the deposition commenced, the Plaintiff was provided with six (6) exhibits that were anticipated to be used in the deposition.  One of these exhibits, Exhibit "F", was a roughly 2-minute video clip that showed the Plaintiff being transported through the Hooters Casino Hotel (the "Hotel") in a gurney by EMT services.  The video clip also showed seven (7) police officers, who on information and belief, are employed by the Las Vegas Metropolitan Police Department, a metropolitan police department duly-organized under Chapter 280 of the Nevada Revised Statutes.  Further on information and belief, these seven (7) police officers were involved and participated in the acts and/or omissions which caused some or all of Plaintiff's injuries and damages.

II. **LEGAL ARGUMENT**

Rule 10 of the Nevada Rules of Civil Procedure "allows the substitution of named defendants for DOE defendants, relating back to

---

[1] The parties have agreed to enter into a stipulation to correct the misnomer as it pertains to the names of the Hooters Defendants; however, as of the time of the filing of this motion the stipulation had not yet been entered and ordered by this Court.

the date of filing the complaint." *Driscoll v. Collins Home Mfg. Corp.*, 103 Nev. 608, 609, 747 P.2d 888, 889 (1987). Rule 10 states in pertinent part "[i]f the name of a defendant is unknown to the pleader, the defendant may be designated by any name. When the defendant's true identity is discovered, the pleader should promptly substitute the actual defendant for a fictitious party." NRCP 10(d).

**A.   Plaintiff Has Discovered the True Identity of Doe 1**

Due to the head injuries that the Plaintiff sustained as alleged in the Complaint (a concussion and fractured jaw) and the time that he was assaulted (early in the morning while Plaintiff was asleep), the Plaintiff was unable to fully identify his assailants upon the filing of the Complaint. The Plaintiff being ignorant of the true names of his assailants designated certain defendants in the Complaint with fictitious names, DOES 1 to 50.

On April 15, 2020, after being provided with discovery from the Hooters Defendants, the Defendant for the *first* time since the commencement of this action had sufficient knowledge and information to identify the true name of Defendant Doe 1. Plaintiff identifies the defendant as follows:

Doe 1: Las Vegas Metropolitan Police Department.

**B.   Plaintiff Has Discovered the Partial Identity of Does 2 through 8**

As stated above, the Plaintiff's injuries as alleged in the Complaint included head trauma (a concussion and fractured jaw) and given the time that Plaintiff was assaulted (early in the morning while

Plaintiff was asleep), the Plaintiff lacked sufficient memory and/or ability to fully identify his assailants when he filed the complaint. Due to his ignorance of the true names of his assailants the Plaintiff designated certain defendants in the Complaint with fictitious names, DOES 1 to 50.

The Defendant was able to fully identify the true name of one of the DOE defendants on April 15, 2020 as discussed above, and he was able to partially identify the true names/identities of defendants DOES 2 through 8 on this same day for the *first* time since the commencement of this action. The Plaintiff partially identifies the defendants as follows:

Doe 2: Las Vegas Metropolitan Police Officer A ("LVMP Officer A");

Doe 3: Las Vegas Metropolitan Police Officer B ("LVMP Officer B");

Doe 4: Las Vegas Metropolitan Police Officer C ("LVMP Officer C");

Doe 5: Las Vegas Metropolitan Police Officer D ("LVMP Officer D");

Doe 6: Las Vegas Metropolitan Police Officer E ("LVMP Officer E");

Doe 7: Las Vegas Metropolitan Police Officer F ("LVMP Officer F");

Doe 8: Las Vegas Metropolitan Police Officer G ("LVMP Officer G");

**III. CONCLUSION**

Based upon the foregoing points and authorities, the record, any exhibits and oral argument that is made on this motion, the Plaintiff respectfully requests that this Honorable Court grant the Plaintiff's Unopposed Motion to Amend Complaint and Pleadings to Identify/Name Doe Defendants 1 through 8 out of Does 1 to 50.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter an Order that allows the Plaintiff to identify DOE 1 by its true name, Las Vegas Metropolitan Police Department; to replace DOES 2 through 8 with their partially identified names, LVMP Officer(s) A through G; to provide Plaintiff with 30 days to file an amended complaint so as to allow further investigation into the true identities of DOES 2 through 8, and to allow Plaintiff to replace the true names of DOES 2 through 8, without further order of the Court should such be discovered within the prescribed 30-day period, and to grant any other and further relief deemed fair, equitable and appropriate by this Court.

Respectfully submitted,        The Williams Law Group

Dated: May 4, 2020        BY: _Andrew Williams_
ANDREW WILLIAMS, ESQ.
CA bar #: 310526 – pro hac vice admit
6273 Sunset Drive, Suite D-3
South Miami, Florida 33143
Telephone:    (305) 916-1122
Email:        Andrew@TheWilliamsLG.com

DAVID LEE PHILLIPS, ESQ.
NV bar #: 538 – local counsel
700 S. 4th Street
Las Vegas, NV 89101
Telephone:    (702) 595-9097
Email:        DavidLeePhillips@aol.com
*Attorneys for Plaintiff Steve Johnson*

**IT IS SO ORDERED**

**DATED: May 05, 2020**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

6

**CERTIFICATE OF GOOD FAITH CONFERENCE;**
**CONFERRED AND MOTION IS UNOPPOSED**

Pursuant to the Federal Rules of Civil Procedure, and any local rules of this Court, I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Because the motion does not impact the named Defendants, the Hooters Defendants, they confirmed on May 1, 2020 via email that they had no objection to the relief requested herein the Plaintiff's motion.

Dated: May 4, 2020       BY: ___*Andrew Williams*___
                                ANDREW WILLIAMS, ESQ.

**CERTIFICATE OF SERVICE**

The undersigned, a contractor of The Williams Law Group, hereby certifies that on the 4th day of May 2020, a copy of the foregoing **UNOPPOSED MOTION TO IDENTIFY/NAME DOE DEFENDANTS 1 THROUGH 8 OUT OF DOES 1 TO 50** was served electronically to all parties of interest via this Court's CM/ECF system as follows:

**TYSON & MENDES, LLP**
THOMAS E. MCGRATH, ESQ.
CHRISTOPHER A. LUND, ESQ.
3960 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Email: clund@tysonmendes.com
*Attorneys for Defendants: HILV Fee, LLC*
*and NAV-115 E. Tropicana, LLC*

                           /s/Osarumwense Ogbebor
                           A contractor of The Williams Law Group