1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7                                  * * *

8    STEVEN JOHNSON,
                                               Case No. 2:18-cv-01381-RFB-BNW
9                   Plaintiff,

10        v.                                              **ORDER**

11   HILV FEE LLC, *et al.*                    Motion for Summary Judgment
                                                      (ECF No. 115)
12                  Defendants.

13

14   **I.      INTRODUCTION**

15         Before the Court is Defendants' HILV Fee LLC and NAV-115 E. Tropicana, LLC

16   ("Defendants") Motion for Summary Judgment. ECF No. 115.

17   **II.     PROCEDURAL BACKGROUND**

18         Plaintiff filed the Complaint on July 26, 2018. ECF No. 1. On February 2, 2019, Defendants

19   filed a Motion to Dismiss. ECF No. 24. On September 6, 2019, the Court denied the Motion to

20   Dismiss. ECF No. 55. On May 4, 2020, Plaintiff filed a Motion to Add Claim/ Amend Complaint

21   and Pleadings. ECF No. 82. A response and reply were filed. ECF Nos. 86, 92. On August 14,

22   2020, Defendants filed this instant Motion for Summary Judgment. ECF No. 115. A response and

23   reply were filed. ECF Nos. 123, 128. On March 5, 2021, the Court heard oral argument regarding

24   the Motion to Add Claim/ Amend Complaint and the Motion for Summary Judgment. ECF No.

25   131. The Court denied the Motion to Add Claim/ Amend Complaint and stated that it would issue

26   a written order for the Motion for Summary Judgment. Id. This written order now follows.

27   **III.    FACTUAL BACKGROUND**

28         The Court finds the following findings of disputed and undisputed facts:

1                **A.**      **Undisputed Facts**

2            The Court finds the following facts to be undisputed.

3            In the early morning of July 25, 2016, Plaintiff was assaulted by unknown individuals at

4 the Hooters Hotel bar. Later that morning, Plaintiff was with nonparty, Ms. Navarro, at her Hooters

5 Hotel room. Because hotel security received information that Ms. Navarro could be in danger,

6 Hooters Hotel security contacted the Las Vegas Metropolitan Police Department, Clark County

7 Fire Department, and American Medical Response ("First Responders"). The First Responders

8 broke down the door to Ms. Navarro's room, entered the room, detained Plaintiff, and transported

9 him to Spring Valley Hospital. Plaintiff sustained injuries. Plaintiff does not know the identities

10 of the people who entered his room, and his first memory after the First Responders entered his

11 room was waking up at the hospital.

12               **B.**      **Disputed Facts**

13            Parties dispute over who were the individuals who entered his room, when they entered his

14 room, and whether they were under Defendants' custody and control.

15      **IV.**      **LEGAL STANDARD**

16            Summary judgment is appropriate when the pleadings, depositions, answers to

17 interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine

18 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

19 Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the

20 propriety of summary judgment, the court views all facts and draws all inferences in the light most

21 favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

22 If the movant has carried its burden, the non-moving party "must do more than simply show that

23 there is some metaphysical doubt as to the material facts.... Where the record taken as a whole

24 could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

25 trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted)

26 (alteration in original).

27 / / /

28 / / /

## V.     DISCUSSION

Defendants argue that Plaintiff does not meet the elements of his three causes of action: negligence, battery, and assault, because there is no evidence that shows a genuine dispute as to whether any agent or employee under Defendants' control and supervision entered Plaintiff's room and allegedly injured him. Defendants argue that hotel security never entered the room, First Responders entered the room, and Defendants should not be vicariously liable for the actions of the First Responders. Among other evidence, Defendants provide a Hooters Hotel Incident Report, dated July 25, 2016, that states, "At approximately 6:05 AM, Security was notified that Mr. Johnson was back inside of the room and was going to hurt himself and others. Security Officer Greg Lookner, Security Officer Eduardo Rojas, and I attempted to make contact with Mr. Johnson but was unsuccessful due to him barricading the door and refusing to open it. Las Vegas Metropolitan Police Department (LVMPD), Clark County Fire Department (CCFD) and American Medical Response (AMR) was contacted and arrived on property at approximately. Contact was made with Ms. Navarro in room 554 to make sure she was safe from Mr. Johnson. CCFD was able to open the door to room 821 at approximately 07:08 AM for LVMPD to enter and detain Mr. Johnson." ECF No. 115-7.

Plaintiff argues that there is a genuine issue of material fact over whether the individuals who entered the room were under Defendants' control and supervision. Plaintiff also argues that there is a genuine dispute of material fact about when Plaintiff was allegedly assaulted, and that Defendants breached a duty to Plaintiff when they failed to properly supervise the First Responders and ensure Plaintiff was not injured.

The Court finds that there is no genuine dispute of fact, and that Defendants' Motion for Summary Judgment is granted. Plaintiff has failed to show there is a genuine dispute that Defendants' employees never entered Plaintiff's hotel room, and never touched or threatened Plaintiff. Plaintiff does not know who entered his room and lacks evidence to prove his claim that it was hotel security. Plaintiff offers no competing evidence to the LVMPD records, Incident File Report, and declaration of Alejandro Salas who wrote portions of the Incident File Report about why, when, and how First Responders entered the room. Plaintiff cannot argue for the existence

of a disputed fact(s) without offering some evidence to support the existence of dispute. Simply speculating about what happened about what may have happened is not enough to survive a Motion for Summary Judgment.

Plaintiff asserts that Defendants are vicariously liable for the actions of the First Responders and had a duty to ensure that Plaintiff was not injured by their actions. However, Plaintiff fails to show, legally or factually, how these First Responders acted under the agency or supervision of Defendants.  Plaintiff does not provide evidence that the First Responders are Defendants' employees or provide facts that show that Defendants should be liable for the First Responders' actions.  Overall, absent any evidence to create a genuine issue of disputed fact, Plaintiff's assault, battery, and negligence claims necessarily fail.

**VI.      CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 115) is GRANTED. The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: March 31, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**